**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

STAN LABER,

   Plaintiff - Appellant,

v.

PETE HEGSETH, Secretary, United States
Department of Defense,[*]

   Defendant - Appellee.

No. 23-3157
(D.C. No. 6:18-CV-01351-JWB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **MORITZ**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.
_____

Plaintiff-Appellant Stan Laber, proceeding pro se,[1] sued the Secretary of the

United States Department of Defense for employment discrimination and retaliation

---

[*] On January 25, 2025, Pete Hegseth became Secretary for the United States Department of Defense. Consequently, his name has been substituted for Lloyd J. Austin, III, as Defendant-Appellee, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Laber proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634. His lawsuit asserted many discrete failure-to-hire claims. The district court entered summary judgment in the defendant's favor on all but one of the claims. The remaining claim proceeded to trial. A jury found the defendant violated Title VII's retaliation provision but declined to award compensatory damages. On appeal, Mr. Laber challenges certain aspects of the district court's judgment and its denial of his post-judgment motion under Federal Rule of Civil Procedure 59(e).[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Between 1981 and January 2015, Mr. Laber worked in various locations for several federal agencies, including the Department of the Army and the Defense Contract Management Agency (DCMA). Mr. Laber filed "numerous EEO [Equal Employment Opportunity] complaints and lawsuits" during his federal employment

---

arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Our case law allows us to review the merits of the underlying summary judgment order even though Mr. Laber's notice of appeal only designated the order denying his Rule 59(e) motion. *See Sundance Energy Okla., LLC v. Dan D. Drilling Corp.*, 836 F.3d 1271, 1275 n.2 (10th Cir. 2016) ("A notice of appeal designating a ruling on a postjudgment motion is typically sufficient to appeal the judgment itself."). "[A]n appeal from the denial of a Rule 59 motion [is] sufficient to permit consideration of the merits of the summary judgment, if the appeal is 'otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced.'" *Artes-Roy v. City of Aspen*, 31 F.3d 958, 961 n.5 (10th Cir. 1994) (quoting *Grubb v. FDIC*, 868 F.2d 1151, 1154 n.4 (10th Cir. 1989)). Those requirements are satisfied here.

and "gained a reputation . . . for being an EEO 'frequent filer'" when he worked for an agency that was the precursor to DCMA. R. vol. I at 415 (second amended complaint). Most recently, he was a contract specialist for the National Geospatial-Intelligence Agency (NGA) in Virginia. He voluntarily retired from that position on January 9, 2015, and began receiving an annuity under the Civil Service Retirement System. Between June 2014 and April 2015, Mr. Laber applied for thirty-two positions with DCMA, all located outside Virginia. He was not offered any position.

In late 2018, Mr. Laber initiated these proceedings by filing a pro se complaint against the Secretary in federal district court. His second amended complaint (the operative complaint) alleged the defendant, in rejecting his thirty-two applications for DCMA positions, violated Title VII and the ADEA by "intentionally discriminat[ing] against him because of his age, sex, religion," and as "reprisal for prior complaints." *Id.* at 414. The complaint assigned each of the thirty-two job applications a "Charge" number from 1 to 32. *Id.* at 430–84. We adopt this framing for our discussion.

## A

Only Charges 2 and 12 are at issue in this appeal. Both Charge 2 and Charge 12 concern disparate treatment and retaliation claims under Title VII and the ADEA, though the complaint does not parse which actions by the defendant violate which statute.

Charge 2 stemmed from Mr. Laber's unsuccessful application to be a permanent contract administrator in Milwaukee, Wisconsin, in September 2014. He interviewed for the position by phone, but the interview panel did not select him.

3

Although the defendant initially told Mr. Laber another candidate had been selected, it later told him the vacancy announcement was canceled and no candidate was hired. His complaint asserted the defendant treated younger applicants and applicants with a protected status better than him, and also avoided hiring him because of his reputation for requesting religious accommodations for his Jewish faith and for filing complaints with the EEO.

Charge 12 stemmed from Mr. Laber's unsuccessful application to be a permanent contract administrator in San Diego, California, in December 2014. He did not interview for the position, and he was not selected. His complaint asserted the defendant chose a younger female candidate because of her age and gender. It also asserted that his protected activities factored into the defendant's decision.

**B**

The procedural history is somewhat complex. We recite the parts relevant to the appeal. The parties filed cross-motions for partial summary judgment. Mr. Laber moved for partial summary judgment on Charge 2. The defendant moved for summary judgment on all charges except Charge 2, as well as on its affirmative defense of failure to mitigate damages.

For Charge 2, Mr. Laber moved for summary judgment on his claims of retaliation and discrimination based on age and religion, but not on his gender discrimination claim. The district court found a genuine dispute as to whether Mr. Laber's protected activity played a part in the defendant's decision not to select him, so it held his retaliation claim should go to a jury. It also allowed his age,

4

religious, and gender discrimination claims to go to a jury. The summary judgment ruling substantially limited the damages Mr. Laber could recover on Charge 2. The district court found the defendant met its burden to show Mr. Laber failed to mitigate his damages because he voluntarily retired. Therefore, even if the jury found the defendant liable on his Charge 2-related claims, Mr. Laber could not recover backpay, front pay, related benefits, or economic damages as a matter of law.

For Charge 12, the district court granted summary judgment for the defendant. It found a genuine dispute as to whether Mr. Laber's age played a role in the defendant's decision not to interview him. But it concluded his age discrimination claim failed as a matter of law because he was not qualified for the vacancy due to his retired-annuitant status. In addition, it concluded Mr. Laber's discrimination claims based on gender, religion, and prior protected activity failed because he had not introduced any evidence that the decision not to interview him was based on those factors.

The case went to trial solely on Charge 2 in February 2023. At the conclusion of the evidence, the defendant moved for judgment as a matter of law. After Mr. Laber voluntarily dismissed some of his claims and the district court dismissed others, only two claims remained for the jury's consideration: the claims for religious discrimination and retaliation in violation of Title VII.[3] The jury found against

---

[3] The court also asked the jury to issue an advisory opinion on Mr. Laber's Charge 2 age discrimination claim under the ADEA because he did not have a right to a jury trial on that claim. *See Lehman v. Nakshian*, 453 U.S. 156, 164 (1981) (holding ADEA plaintiffs proceeding against the federal government do not have a

Mr. Laber on his religious discrimination claim. As to the retaliation claim, the jury found in favor of Mr. Laber, concluding the defendant declined to hire him because he previously opposed unlawful employment practices. The jury refused to award compensatory damages, however.

After the trial concluded, Mr. Laber moved to amend his complaint and the pretrial order to add a request for declaratory and injunctive relief. Specifically, he asked "to be reinstated retroactively into the job which he was denied." R. vol. V at 750 (internal quotation marks omitted). The motion effectively sought reconsideration of the earlier summary judgment ruling concluding he had failed to mitigate damages. Unpersuaded, the district court denied the motion to amend as untimely and entered judgment for Mr. Laber on the Title VII retaliation claim, awarding him one dollar in nominal damages and costs related to that claim.

Mr. Laber then moved to alter or amend the judgment under Rule 59(e). The motion asserted two arguments, as relevant here: (1) the district court erred in refusing to award more than nominal damages on his retaliation claim arising out of Charge 2, and (2) the district court erred in granting summary judgment to the defendant on the claims arising out of Charge 12. The district court denied the motion. This timely appeal followed.

---

right to a jury trial); Fed. R. Civ. P. 39(c) (allowing a court to try an issue with an advisory jury). The jury found the defendant did not discriminate against Mr. Laber based on his age. The district court agreed and entered judgment for the defendant. Mr. Laber has not appealed this ruling.

**II**

It is difficult to tell from Mr. Laber's briefing whether he appeals the order denying his Rule 59(e) motion, the underlying summary judgment order, or both orders. Construing his pro se briefing liberally, *see Garrett*, 425 F.3d at 840, we interpret his arguments as a challenge to both orders.

We review for abuse of discretion the district court's denial of the Rule 59(e) motion. *Burke v. Regalado*, 935 F.3d 960, 1044 (10th Cir. 2019). Because a district court abuses its discretion when its decision is guided by erroneous legal conclusions, we "review for errors of law de novo." *Id.* Grounds for relief under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not a means "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

"We review *de novo* a grant of summary judgment, applying the same standard that governs the district court." *Rivero v. Bd. of Regents*, 950 F.3d 754, 758 (10th Cir. 2020) (internal quotation marks omitted). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we examine the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071 (10th Cir. 1998).

7

As we will discuss, Mr. Laber's claims are unavailing under either standard of review.

## III

Mr. Laber urges reversal. First, as to Charge 2, he argues the district court erred in refusing to award him more than nominal damages for the Title VII violation based on the defendant's retaliation. Second, as to Charge 12, he challenges the grant of summary judgment to the defendant on his age discrimination claim. Finally, Mr. Laber asks this court to sanction the district court and the defendant. We are not persuaded.

## A

We begin by addressing Mr. Laber's argument that he should have received additional remedies for the Title VII violation arising out of Charge 2. He challenges the district court's pretrial ruling that he could not receive backpay, as well as its post-trial refusal to instate him to a contract administrator position.

We recite some additional factual background before proceeding to the arguments on appeal.[4] In September 2014, while he was employed as a contract specialist for the NGA, Mr. Laber applied for a full-time, permanent contract administrator position with DCMA. He was one of six applicants who made the initial referral list, and a three-member panel interviewed him. After the interview, a panel member searched the internet for information about Mr. Laber, found an article that discussed his EEO activity against the Army, and shared that information with

---

[4] This factual summary derives from the district court's summary judgment order, which contains citations to the record. *See* R. vol. V at 159-60.

the other panel members. The panel did not recommend hiring Mr. Laber. Ultimately, the vacancy for this position was cancelled and no one was hired. Mr. Laber retired from his contract specialist position with NGA on January 9, 2015. He was not asked to retire as part of a reduction in force or other voluntary or involuntary reduction activities.

Recall, Mr. Laber moved for summary judgment on his Charge 2 claims of retaliation and discrimination based on age and religion. Although the district court allowed his Charge 2 claims to go to a jury, it also concluded Mr. Laber was precluded from recovering backpay because he did not mitigate his damages. The district court reasoned that Mr. Laber "made his decision to voluntarily retire from a position that paid substantially more than the position at issue in [C]harge 2." R. vol. V at 196–97. In other words, he voluntarily retired without good cause from a higher-paying job that would have resulted in annual pay increases, continued benefits, and potentially a higher pension. After trial, Mr. Laber moved under Rule 59(e), arguing the district court erred in granting summary judgment on the backpay issue and seeking over $8,000,000 in backpay. The district court rejected the argument and denied the motion. Mr. Laber now challenges these rulings.

A Title VII claimant has a statutory duty to minimize damages. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982); *see* 42 U.S.C. § 2000e-5(g)(1). "This duty . . . requires the claimant to use reasonable diligence in finding other suitable employment." *Ford Motor Co.*, 458 U.S. at 231. A claimant who resigns from a job

for personal reasons has not adequately mitigated damages. *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 696 (2d Cir. 1998).

Mr. Laber insists the district court relied on "false facts" in concluding he failed to mitigate damages. Aplt. Opening Br. at 4, 12. In his Rule 59(e) motion, Mr. Laber referred to this ruling as "a manifest injustice[]," R. vol. V at 915, and he repeats that assertion on appeal, Aplt. Opening Br. at 4. Construed liberally, he appears to argue that, when he resigned from his position with the NGA, he was not yet aware of his claims related to Charge 2 and thus had no duty to mitigate damages. Charge 2 arose *after* his retirement in January 2015, Mr. Laber explains, when, on March 1, 2015, he was notified formally that he did not secure the position.

We are not persuaded. He admitted in his summary judgment briefing and stipulated in the final pretrial order that he was aware of the discrimination and/or retaliation underlying Charge 2 as of December 9, 2014, and December 30, 2014—before his voluntary retirement. Even assuming he did not receive *official* notification until March 1, 2015, the undisputed factual record about actual notice clearly refutes his argument. Against this backdrop, the district court did not erroneously grant summary judgment for the defendant on the issue of backpay.[5]

---

[5] Moreover, in denying the Rule 59(e) motion, the district court also reasoned Mr. Laber did not respond to the arguments in the defendant's summary judgment briefing on his failure to mitigate his damages, nor did he introduce any evidence regarding his decision to retire, other than saying it was voluntary. As a result, only the uncontroverted facts discussed above were before the district court. Mr. Laber's failure to address this additional reasoning on appeal provides another ground for affirmance. *See Rivero*, 950 F.3d at 763 ("If the district court states multiple

Mr. Laber's arguments about the instatement remedy fare no better. After the trial ended, Mr. Laber moved to amend his complaint and the pretrial order to seek instatement into the job he was denied. The district court concluded the instatement request was untimely and unpreserved because it arose late in the district court proceedings. In the final pretrial order, Mr. Laber sought an award of front pay on all of his claims in lieu of instatement. But after the trial and the jury's finding of retaliation, he sought leave to amend his complaint and the final pretrial order to seek instatement. The district court also concluded instatement was not appropriate because Mr. Laber chose to voluntarily retire and become a retired annuitant. That status is relevant, the court explained, because the "[d]efendant's policy regarding hiring retired annuitants significantly restrains hiring officials," and the defendant had not approved the hiring of a retired annuitant from at least 2014 to the time the defendant moved for summary judgment in May 2022. R. vol. V at 912.

In his Rule 59(e) motion, Mr. Laber argued his retirement resulted directly from the discrimination by DCMA; he otherwise would have transferred from NGA to DCMA without a break in service. The district court rejected Mr. Laber's arguments on this front, and so do we. We conclude the district court acted within its discretion in rejecting the instatement request. "District courts possess considerable discretion to devise appropriate remedies for Title VII violations." *Zisumbo v. Ogden*

---

alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling.").

11

*Reg'l Med. Ctr.*, 801 F.3d 1185, 1203 (10th Cir. 2015). We also affirm because

Mr. Laber's appellate briefs do not address the extensive grounds the district court

relied on for denying instatement.[6] *See Rivero*, 950 F.3d at 763.

**B**

We next consider Mr. Laber's challenges to the grant of summary judgment

for the defendant on the Charge 12 age discrimination claim.[7] Again, we discern no

error.

The relevant facts are as follows.[8] On January 4, 2015, days before his

retirement from the NGA, Mr. Laber applied for a full-time, permanent contract

administrator position with DCMA in California. His name was placed on one of two

referral lists sent to two selecting officials, who reviewed applications with a panel of

five other people. On March 3, 2015, Gregory Russell, one of the selecting officials,

---

[6] Mr. Laber separately asks us to "remand to the district court for a 'make whole' remedy to include providing [him] the job that he was denied or a mutually agreeable job, retroactively." Aplt. Opening Br. at 14. This argument simply reprises his instatement argument, which we have already considered and rejected.

[7] To the extent Mr. Laber also seeks to challenge the district court's rejection of the "legal fiction" argument he made in his Rule 59(e) motion, this argument—presented in one sentence with no case or record citations—is inadequate to permit appellate review, so we decline to consider it. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are . . . inadequately presented[] in an appellant's opening brief.").

[8] This factual summary derives from the district court's summary judgment order, which contains citations to the record. *See* R. vol. V at 182.

emailed the panel listing the applicants he believed should be interviewed for the position. Mr. Laber was not on that list, and he was never interviewed.

Mr. Laber claimed the defendant discriminated against him based on his age in violation of the ADEA, relying on statements Mr. Russell allegedly made in connection with this application (or another application from the same time frame). During discovery, the defendant produced an email from one of the people who interviewed Mr. Laber for a different, unnamed position,[9] which stated Mr. Russell had "skirted around" Mr. Laber's age during hiring discussions for an unnamed position and had expressed "concerns" about his "energy to keep up with the team and work load." R. vol. V at 184 (internal quotation marks omitted). According to Mr. Russell, Mr. Laber was ineligible for the position because of his status as a retired annuitant. *See* R. vol. III at 1002 ¶ 14 (Russell Decl.)

A plaintiff suing under the ADEA must establish age was a but-for cause of the challenged employment action. *See Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1081 (10th Cir. 2023); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010) (federal-sector case). To do so, the plaintiff may either present direct evidence of the employer's discriminatory intent or circumstantial evidence that creates "an inference of a discriminatory motive using the tripartite *McDonnell Douglas* burden-shifting analysis." *Markley*, 59 F.4th at 1081 (internal quotation marks

---

[9] Mr. Laber applied for thirty-two positions with DCMA, and some of the same individuals reviewed his applications and interviewed him.

omitted); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973) (describing analysis).

To establish a prima facie case of age discrimination under the *McDonnell Douglas* framework when, as here, the plaintiff applied for but was rejected for a job opening, the plaintiff must show he "(1) [is] a member of the class protected by the ADEA, (2) suffered an adverse employment action, (3) [was] qualified for the employment position at issue, and (4) [was] treated less favorably than others not in the ADEA protected class." *Roberts v. Winder*, 16 F.4th 1367, 1384 (10th Cir. 2021).

Because the position at issue in Charge 12 was with DCMA, Mr. Laber's age discrimination claim is governed by 29 U.S.C. § 633a(a), the federal-sector provision of the ADEA. Section 633a(a) states "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." In *Babb v. Wilkie*, 589 U.S. 399 (2020), the Supreme Court rejected the notion that this statutory provision "imposes liability only when age is a 'but-for cause' of the personnel action in question." *Id.* at 402. The Court held, § 633a(a) "demands that personnel actions be untainted by any consideration of age." *Id.* But *Babb* did not wholly eliminate the requirement of but-for causation. It remains "important in determining the appropriate remedy." *Id.* at 413. For example, post-*Babb*, a § 633a(a) plaintiff "must show that age discrimination was a but-for cause of the employment outcome" to obtain

14

"reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision." *Id.*[10]

In the district court, the defendant argued, because Mr. Laber sought only compensatory damages for his age discrimination claim related to Charge 12, *Babb* required him to "show that his age was the but-for cause of the failure to hire [him] for the vacancy" at issue. R. vol. V at 156. The district court agreed. The court also observed Mr. Laber "appear[ed] to concede that but-for causation [wa]s required based on his arguments throughout his [summary judgment] response brief asserting that his protected status was the but-for cause of the ultimate decision." *Id.* at 156 n.11. Ultimately, the district court found "a material dispute of fact as to whether [Mr. Laber's] age played a part or was the but-for cause of [Mr.] Russell's decision not to interview [him] for [C]harge 12." *Id.* at 185.

But it also concluded Mr. Laber failed to establish he was qualified for the position at issue in Charge 12. The district court reasoned it was undisputed: (a) "DCMA did not receive approval for the hiring of a retired annuitant prior to posting this position"; (b) "the position did not meet DCMA policy regarding the hiring of retired annuitants in that [C]harge 12 was for a permanent position, not

---

[10] Post-*Babb*, the Eleventh Circuit has abandoned the *McDonnell Douglas* framework for federal-sector age discrimination claims and simply requires the plaintiff to proffer evidence that his or her age played any part in the hiring process. *Buckley v. Sec'y of Army*, 97 F.4th 784, 794–95 (11th Cir. 2024). This court has not yet addressed whether the *McDonnell Douglas* burden-shifting framework continues to apply to federal-sector age discrimination claims post-*Babb*, but we can resolve this appeal without answering that question.

temporary"; and (c) "none of the limited circumstances allowing hiring of a retired annuitant were met for this vacancy." *Id.* Therefore, the defendant was entitled to summary judgment as to Mr. Laber's age discrimination claim.

Mr. Laber urges reversal, but he does not grapple with the district court's reasoning. He merely incorporates arguments from his Rule 59(e) motion by reference, *see* Aplt. Opening Br. at 13, which is inappropriate. *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 410 (10th Cir. 2015) (deeming an argument waived because incorporating arguments made in district court by reference "is not acceptable appellate procedure"); *see also* 10th Cir. R. 28.3(B) ("Incorporating by reference portions of lower court . . . briefs or pleadings is disapproved and does not satisfy the requirements of Federal Rules of Appellate Procedure 28(a) and (b)," which require parties to present their contentions and reasoning in their appellate briefs); *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 624 (10th Cir. 1998) ("Allowing litigants to adopt district court filings would provide an effective means of circumventing the page limitations on briefs set forth in the appellate rules and unnecessarily complicate the task of an appellate judge." (citations omitted)). Even if we excused that disfavored practice, the incorporated argument only spanned a paragraph and included no references to the record or legal authority. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (stating "perfunctory"

16

allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review" (internal quotation marks omitted)).

Mr. Laber also asserts the district court erred in not applying *Babb*'s "lower causation bar." Aplt. Opening Br. at 14. He says only that Mr. Russell's "undisputed consideration of his age" tainted the entire personnel process under *Babb* and his annuity status is immaterial because Mr. Russell did not learn of it until "after his discriminatory act," *id.* But Mr. Laber's briefing lacks any case or record citations, which Federal Rule of Appellate Procedure 28(a)(8) requires. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). "This court . . . will not craft a party's arguments for him." *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

## C

Finally, Mr. Laber seeks sanctions against the district court and the defendant. He says the district court engaged in misconduct and "purposely stifled" his appeal by (1) falsely describing the basis for its summary judgment ruling in its order denying his Rule 59(e) motion; (2) repeatedly "punish[ing] and dissuad[ing]" him on the record, particularly during a status-conference discussion about available remedies; and (3) showing bias against him. Aplt. Opening Br. at 17, 19. He also says the defendant made a frivolous argument and engaged in a pattern of deception during his lawsuit. Mr. Laber does not cite any authority to support his request. We readily reject it.

17

**IV**

We AFFIRM the judgment of the district court.

                                Entered for the Court


                                Veronica S. Rossman
                                Circuit Judge